Mr. Bobby Wood, Chairman Commission on Institutional and Community Development State Capitol, Room 315 Little Rock, AR 72201
Dear Mr. Wood:
This is in response to your request for an opinion regarding Act 658 of 1997 ("Act"), which is entitled "An Act to Make an Appropriation to the Department of Finance and Administration-Dispersing Officer for Institutional and Community Development. . . ." The Act appropriates $15 million to the DFA Dispersing Officer to be payable from the Institutional and Community Development Fund ("Fund") "for institutional and community development as determined by the Commission on Institutional and Community Development ["Commission"]." Acts 1997, No. 658, § 1. The Act creates the Commission and authorizes it to manage and distribute the Fund, and adopt necessary regulations. Id., § 2.
Your specific question regarding this Act is as follows:
 Does the Department of Finance and Administration Disbursing Officer have the authority to refuse to comply with a law which he believes to be unconstitutional without any judicial determination of the unconstitutionality of the Act?
It is my opinion that the answer to this question is "yes." The following statement of the Arkansas Supreme Court in Federal Express Corp. v.Skelton, 265 Ark. 187, 578 S.W.2d 1 (1979) is, I believe, determinative of the question:
 In at least four previous instances, this court has held that an officer of the executive branch cannot be forced to comply with the provisions of an unconstitutional enactment of the State Legislature. Little Rock Fort Smith Ry. v. Worthen, et al, 46 Ark. 312 (1885); Writ of error dismissed, 120 U.S. 97, 30 L.Ed. 588; Hodges v. Dawdy, 104 Ark. 583, 149 S.W. 656 (1912); Rison et al v. Farr, 24 Ark. 161
(1865); Eason v. State, 11 Ark. 481 (1851). The above cases establish the right of an executive official to disobey an unconstitutional enactment of the General Assembly.
265 Ark. at 194.
A review of these cases reflects the Arkansas Supreme Court's adherence to the view, expressed in the case of Little Rock Fort Smith Ry. v.Worthen, supra, that:
 . . . officers of the executive department are not bound to execute a legislative act which, in their judgment, is repugnant to the constitution. Their primary allegiance is due to the constitution; and if there be a conflict between the two, the constitution is the higher law, or, rather, the supposed law is not a law at all, being null and void. They do, indeed, incur peril by deciding for themselves in advance of the courts the unconstitutionality of an enactment. But they are also liable to be punished in damages if they carry into effect an act which violates the fundamental law.
46 Ark. at 325-326.
The court in Little Rock Fort Smith Ry. went on to quote Judge Cooley in Constitutional Limitations, at 74, as follows:
 Whoever derives power from the constitution to perform any public function is disloyal to that instrument, and grossly derelict in duty, if he does that which he is not reasonably satisfied the constitution permits. Whether the power be legislative, executive or judicial, there is manifest disregard of constitutional and moral obligation by one who, having taken an oath to observe that instrument, takes part in an action which he cannot say he believes to be no violation of its provisions.
Id. at 326.
The language quoted above (46 Ark. at 325-326) from Little Rock FortSmith Ry. was quoted in Hodges v. Dawdy, supra, a case involving the Secretary of State's refusal to certify a proposed initiated measure. The court in Hodges stated:
 The Secretary of State is an executive officer, and acts ministerially, and not in a judicial capacity. He is not called upon to determine the constitutionality or legality of a statute, but he can not be compelled to execute or obey an invalid statute. Van Horn v. State, 46 Neb. 62. We are aware that there is wide conflict in the authorities on this question, but we believe that our court is already committed to the rule announced by the Nebraska court in the case above cited, and that the rule is sound.
104 Ark. at 589-590.
It is apparent from these cases that a prior judicial determination of unconstitutionality is not a prerequisite to an executive officer's refusal to follow the law. Rather, the constitutional issue can be addressed by the court in the event a mandamus action is filed against the officer. As stated in Hodges:
 Mandamus will not lie to compel an officer to do an act which is forbidden or not authorized by law, and a court, when called upon to grant the writ, may inquire into the validity of the statute which imposes upon the officer the duty he has failed to perform. [Citation omitted.]
Id. at 590.
Thus, in my opinion, the answer to your question is "yes." It appears that this authority emanates from the fact that the officer's "primary allegiance" is to the constitution (Little Rock Fort Smith Ry.,supra). The officer's refusal will ultimately be adjudged if and when the law's constitutionality is judicially determined.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh